UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN LOFTUS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 15-cv-01354-JSC<br><br>**ORDER RE: MOTION FOR CLARIFICATION OF SETTLEMENT** |

On September 16, 2015, the Court signed the parties' Stipulation of Settlement. (Dkt. No. 22.) Although movant Daniel Loftus is not a party to this federal court lawsuit, he is a party to the settlement, including the Stipulation of Settlement which expressly asked for this Court's approval of the settlement. Daniel Loftus now asks the Court to clarify whether the funds Plaintiff Erin Loftus received from the settlement were received in her individual capacity *or* in her capacity as the representative of the estate of the deceased. (Dkt. No. 23.) After carefully considering the parties' submissions, and re-reviewing the written settlement agreement, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and VACATES the January 14, 2016 hearing.

The Court has the "inherent power to enforce summarily a settlement agreement involving an action pending before it." *In re Suchy*, 786 F.2d 900, 903 (9th Cir. 1985). Claimant Daniel Loftus does not dispute that the settlement agreement unambiguously gives him $56,000 with the remaining proceeds to Plaintiff Erin Loftus. Instead, he asks whether any of Erin Loftus' proceeds should be allocated to the estate of which he is entitled to fifty percent and, if so, how much is allocated to Erin Loftus individually and how much to Erin Loftus as representative of the estate. The answer to the first question is none which renders the second question moot.

Prior to the September 2015 mediation, Plaintiff Erin Loftus gave notice in the probate

proceedings that pursuant to Family Code section 780 any proceeds from this lawsuit are community property and therefore all belong to Plaintiff as the decedent's surviving spouse. (Dkt. No. 25-9 at 19.) Claimant Daniel Loftus filed an objection, but the Probate Court did not resolve the issue before the mediation. At the mediation, claimant Daniel Loftus and Plaintiff Erin Loftus agreed in writing to a specific allocation of the settlement proceeds between them, including how much to pay claimant's attorney. The agreement nowhere suggests that Daniel Loftus can make an additional claim to the amounts allocated to Erin Loftus even though claimant was well aware that Erin Loftus claimed that all proceeds of her lawsuit belonged to her and not the estate. (Dkt. No. 25-9 at 24.) This history combined with the agreement's plain language compels the Court's finding that the amounts paid to Erin Loftus were paid in her individual capacity and that all settlement participants intended for those funds to go to Erin Loftus individually. Further, the parties' agreed allocation of the settlement proceeds between Erin Loftus and Daniel Loftus is consistent with any possible "general damages" that could have been recovered in the lawsuit and Erin and Daniel's respective interests in those damages, and Daniel Loftus does not argue otherwise.

The Court therefore clarifies that all of the settlement proceeds awarded to Plaintiff Erin Loftus were made in her individual capacity.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: January 11, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge